Argued May 22, reversed August 2, 1978

## KEITH BROWN LUMBER YARD, *Respondent,*
### *v.*
## SILVER WHEEL FREIGHTLINES, INC.,
### *Appellant.*
### (No. 57009, CA 10082)

582 P2d 45

Ronald D. Browning, Portland, argued the cause and filed the briefs for appellant.

Myron L. Enfield, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

The issue in this case is whether Silver Wheel Freightlines is liable for damage to goods shipped by it from Portland to Salem, Oregon. The goods had originally been delivered to Republic Freight Systems, Inc. (Republic), a freight forwarder, in Alabama for shipment to Oregon. This action is brought under 49 USC § 20(11) (1970).[1]

Before trial, both parties moved for summary judgment pursuant to ORS 18.105. The trial court issued summary judgment in favor of plaintiff stating that "[t]he position of the defendant that the freight forwarder is liable is not sustained by the exhibits attached hereto." Defendant appeals, claiming that the trial court's decision as to defendant's liability was error.

---

[1] 49 USC § 20 (11) provides in part:

"Any common carrier, railroad, or transportation company subject to the provisions of this chapter receiving property for transportation [in interstate commerce] * * * shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading, and no contract, receipt, rule, regulation, or other limitation of any character whatsoever shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; and any such common carrier, railroad, or transportation company so receiving property for transportation [in interstate commerce] * * * or any common carrier, railroad, or transportation company delivering said property so received and transported shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage, or injury to such property caused by it or by any such common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading, notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is delcared to be unlawful and void. * * *"

The Supreme Court, in the case of *Chicago Etc. R. Co. v. Acme Freight,* 336 US 465, 467-78, 69 S Ct 692, 93 L Ed 817 (1949), described the characteristics of a freight forwarder in the following language:

"Freight forwarders consolidate less-than-carload freight into carloads for shipment by rail, truck, or water. Their charges approximate rail less-than-carload rates; their expenses and profits are derived from the spread between the carload and 1. c. 1. rates. Forwarders are utilized by 1. c. 1. shippers because of the speed and efficiency with which they handle shipments, the *unity of responsibility* obtained, and certain services which forwarders make available.[2]

[2]"For a full description of freight forwarder practices, *see United States v. Chicago Heights Trucking Co.,* 310 U. S. 344 (1940); *Freight Forwarding Investigation,* 229 I. C. C. 201; *Bills of Lading of Freight Forwarders,* 259 I. C. C. 277."

"Forwarders are required by § 413 of the Act, 49 U.S.C. § 1013, to issue bills of lading to their customers, covering the individual package shipment from time of receipt until delivery to the ultimate consignee. When the freight is consolidated into carloads, the railroad gives the forwarder its bill of lading in which the forwarder is designated as both consignor and consignee. The contents are noted as 'one carload of mixed merchandise' and usually move under an 'all-commodity' carload rate. The *destination set out in the railroad bill of lading* is the forwarder's break-bulk point. At that point the carload is broken up; some shipments may be distributed locally, some sent by truck to off-line destinations, and some consolidated into carloads for reshipment to further break-bulk points. The railroad has no knowledge of the contents of the car, the identity of the individual shippers, or the ultimate destinations of the consignments. The forwarder has an unqualified right to select the carrier and route for the transportation of the freight.

"The forwarder thus has some of the characteristics of both carrier and shipper. In its relations with its customers, a forwarder is subjected by the Act to many of the requirements and regulations applicable to common carriers under Parts I, II, and III of the Act. In its relations with these carriers, however, the status of the forwarder is still that of shipper. * * *"

49 USC § 20(11) (1970) requires a common carrier to issue a bill of lading and imposes liability for damages occurring to goods on the common carrier which receives goods to transport in interstate commerce or on the common carrier which delivers such goods. Such receiving or delivering common carrier is liable to the holder of the bill of lading regardless of where the damage took place.

49 USC § 1013 (1970) provides in pertinent part:

"The provisions of section 20(11) [the Carmack Amendment] * * * shall apply with respect to freight forwarders, in the case of service subject to this part, with like force and effect as in the case of those persons to which such provisions are specifically applicable, and the freight forwarder shall be deemed both the receiving and delivering transportation company for the purposes of such section 20(11) and (12). * * *"

Defendant relies upon these statutes for the proposition that plaintiff's claim must be made against Republic, the freight forwarder.

Plaintiff relies on the lack of a through bill of lading by Republic to indicate that Republic was not acting as a freight forwarder. However, plaintiff is bound by its allegation that a bill of lading was issued by the "originating carrier."[2]

___

[2]Plaintiff's complaint alleged in part:

"III

"That there was on or about June 21, 1974, delivered to defendant's originating carrier Republic Carloading at Birmingham, Alabama plaintiff's goods for delivery to plaintiff in Salem, Oregon, for which defendant's originating carrier executed and delivered its bill of lading and thereby acknowledged receipt of such property in apparent good order * * *."

Defendant expressly admitted that the "originating carrier executed and delivered its bill of lading" and now argues that plaintiff cannot contend that the lack of Republic's through bill of lading is fatal to defendant's defense. Plaintiff's allegation, that Republic was the "originating carrier" and that "the originating carrier executed and delivered its bill of lading," along with proof that Republic is a freight forwarder, might be sufficient to bind plaintiff to the fact that Republic, as a freight forwarder, issued a through bill of lading. In light of the provisions of the Carmack Amendment, we need not determine the effect of these pleadings.

Plaintiff also contends that, in spite of the fact that Republic is a freight forwarder, defendant should still be liable to plaintiff. Under 49 USC § 20(11) (1970), the Carmack Amendment, a shipper can recover *only* from the receiving or delivering transportation company. *Arnold J. Rodin Inc. v. Atchison, Topeka & Santa Fe Ry. Co.,* 477 F2d 682 (5th Cir 1973). Since 49 USC § 1013 (1970) places a freight forwarder in the position of both the receiving and delivering transportation company, plaintiff can look only to the freight forwarder for recovery for damages to the goods.

Reversed.